IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03441-KLM

T.A.P.,[1]

    Plaintiff,

v.

KILOLO KIJAKAZI, Commissioner of Social Security,[2]

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[3] on review of the Commissioner's decision denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income Benefits ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3).

---

[1] Plaintiff is identified by initials only pursuant to D.C.COLO.LAPR 5.2(b).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Mr. Kijakazi is therefore substituted for Andrew Saul as the Defendant in this suit pursuant to Fed. R. Civ. P. 25(d). No further action needs be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[3] The parties consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See* [#14].

The Court has reviewed Plaintiff's Opening Brief [#23][4]; Defendant's Response Brief [#26] ("Response"), Plaintiff's Reply Brief [#27] ("Reply"), the Social Security Administrative Record [#16] ("AR"), and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the decision of the Commissioner is **REVERSED** and **REMANDED** for further fact finding.

## I. Factual Background

Plaintiff applied on January 3, 2018, for Disability Insurance Benefits and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Plaintiff alleged disability beginning on November 2, 2015 due to rheumatoid arthritis ("RA"), thyroid disorder, a hand/wrist/arm problem, a speech problem, and tongue ulcers. AR 85-78, 88-89. Plaintiff later amended her alleged onset date to August 4, 2016. *Id.* 37-38. Plaintiff was 54 years old on the amended alleged onset date, 55 years old on the date last insured and application date, and 57 years old on the date of the Administrative Law Judge's decision. AR 77.

Plaintiff's claim was denied initially on May 3, 2018. AR 75-767. After a hearing on March 3, 2020 (*id*. 34-61), Administrative Law Judge ("ALJ") Kathryn D. Burgchardt issued an unfavorable decision dated March 20, 2020. *Id*. 18-27.

The ALJ followed the five-step sequential evaluation process for disability claims. *See* 20 C.F.R. § 416.920(a)(4). The ALJ found at step one of the sequential evaluation that Plaintiff met the insured status requirements through June 30, 2017 and has not engaged

---

[4] "[#23]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

in substantial gainful activity since August 4, 2016, the amended alleged onset date. AR 21. At step two, the ALJ found that Plaintiff has the severe impairment of rheumatoid arthritis ("RA"). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. *Id*. at 21-22.

The ALJ then turned to Plaintiff's residual functional capacity ("RFC"). The ALJ found that Plaintiff has the RFC to perform light work but with limitations to frequent handling and fingering bilaterally, occasionally crawling, no climbing of ladders, ropes, or scaffolds, and the avoidance of unprotected heights, moving machinery, and extreme cold. AR 22-26. The ALJ determined at step four that Plaintiff is capable of performing her past relevant work as a telephone solicitor and housekeeping cleaner. *Id*. 26. Accordingly, the ALJ found that Plaintiff is not disabled within the meaning of the Act. *Id*. 27. *Id*.

The Appeals Council denied Plaintiff's request for review on September 21, 2020 (AR 1-5), making the ALJ's second decision the final agency decision for purposes of judicial review. *See* 20 C.F.R. §§ 416.1481, 422.210(a) (2019). This appeal followed.

## II.  Standard of Review

Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822

F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "Evidence is not substantial if it is overwhelmed by other evidence or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

A court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1262. However, it "may not reweigh the evidence nor substitute [its] judgment" for the Commissioner's. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

### III. Analysis

Plaintiff argues that the ALJ erred in evaluating the available evidence, including her reliance on the opinion of non-examining physician Dr. Staley, and in failing to procure a further specialist's opinion regarding Plaintiff's RA. *Opening Brief* [#22] at 1, 11-16. The

Commissioner responds that the ALJ's decision was supported by substantial evidence, that a consultative examination by a specialist was not required, and that Plaintiff's "disagreement with the ALJ's factual findings do not require remand in search of additional evidence that may or may not support Plaintiff's claim for disability." *Response* [#26] at 1-2. The Court now turns to ALJ's evaluation of the evidence which is at issue.

Plaintiff asserts that she has inflammatory arthritis that implicates autoimmune disease. *Opening Brief* [#23] at 11 (citing AR 695-96, 707). Plaintiff further asserts that the record shows pursuit of hepatitis C treatment in order to qualify for rheumatology specialist evaluation—that is to say that Plaintiff has not seen a rheumatologist despite trying to do so and despite having a referral. *Id*. (citing AR 706-07, 709, 1268, 1291). Nonetheless, the ALJ accepted the non-examining opinion of Dr. Staley, whose only manipulative limitation was to "avoid constant finger/handle." AR 85, 96. Plaintiff argues that the only explanation in the State Agency Report, in a portion not signed by Dr. Staley, is a simple recitation of exhibits; it is not an actual analysis explaining functional limitations. *Opening Brief* [#23] at 11 (citing AR 91-93). According to Plaintiff, the ALJ should have consulted a rheumatologist before accepting the poorly explained opinion of Dr. Staley, and that her failure to do so warrants remand. *Id.*

The ALJ found that Dr. Staley's opinion was "persuasive" as it was "generally supported by Dr. Staley's analysis of the evidence and consistent with other medical evidence of record, which reflects a diagnosis of rheumatoid arthritis (2F/8; 13F/27-32; 10F/29)." AR 26. The ALJ further stated that while Dr. Staley's assessment was made in May 2018, "the claimant's subsequent medical records do not support increasing her functional limitations." *Id.* Thus, the ALJ found that another doctor's records from 2018 to

2020, those of Dr. Nasikkar, "show minimal and stable physical examination findings (10F, 15F, 17F, 20F)." *Id.*[5] Additionally, the ALJ found as a basis to accept Dr. Staley's opinion that Plaintiff is "able to wash dishes, vacuum, dust, prepare simple meals, and do crossword puzzles[.]" *Id.*

Turning to the Court's analysis, under the new regulations promulgated for claims after March 27, 2017, the Commissioner considers the persuasiveness of each medical source's opinions using five factors: (1) supportability; (2) consistency; (3) relationship with the claimant (which encompasses the length of treatment relationship, frequency of examinations; purpose and extent of treatment relationship, and examining relationship); (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the two most important factors for the ALJ to consider. *Harris v. Saul*, No. 19-v-03715-NRN, 2021 WL 406080, at *2 (D. Colo. Feb. 5, 2021) (citing 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)). The ALJ is required to explain how he or she considered the supportability and consistency factors for a medical source's medical opinions, and may, but is not required to, explain how he or she considered the other three factors unless the ALJ finds that two or more opinions about the same issue are equally well-supported. 20 C.F.R. §§ 404.1520c(b)(2)-(3), 416.920c(b)(2)-(3).

The Court agrees that the ALJ's reliance on Dr. Staley's opinion to support the RFC is not supported by substantial evidence. First, as to the supportability finding, the regulation provides that "[t]he more relevant the objective medical evidence and supporting

---

[5] The ALJ gave no weight to Dr. Nasikkar's opinions (AR 25), but Plaintiff has not raised that issue on appeal. Accordingly, the Court does not address it.

explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be."   20 C.F.R. § 405.1520c(c)(1).

Here, the ALJ found that Dr. Staley's determination as to Plaintiff's functional abilities "is generally supported by Dr. Staley's analysis of the evidence . . . ."  AR 26.  It is true that Dr. Staley's evaluation contains a discussion of the evidence.  *Id*. at 80-81.  However, the only explanation that Dr. Staley gave in finding that Plaintiff's only manipulative limitation as to light work was to avoid constant handling/fingering was that "[a]lthough clmt has pain c/o's hands, feet, still has FROM" (full range of motion).  *Id*. at 82.  There was no supporting explanation for how a finding of full range of motion meant that Plaintiff could frequently handle and finger bilaterally, particularly given the other medical findings that Dr. Staley noted, such as "severe pain and swelling" in the hands and wrists with bilateral "erosive changes involving proximal hands & wrists" that were "[h]ighly suggestive" of RA".  *Id*. 80-81.  The ALJ's finding that Dr. Staley's opinion was persuasive because it was supported by his "analysis of the evidence" is thus not a legitimate reason to conclude that the supportability factor is satisfied.  *See Anderson v. Astrue*, 319 F. App'x 712, 717 (10th Cir. 2009) (holding that an ALJ "is required to 'give good reasons in the . . . decision for the weight assigned to'" a physician's opinion, which "reasons must be specific and legitimate'") (quoting *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir.2003)).

As to the consistency factor, 20 C.F.R. § 405.1520c(c)(2) states that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  Here,

the ALJ found that Dr. Staley's findings are "consistent with other medical evidence of record, which reflects a diagnosis of rheumatoid arthritis." AR 26. The medical evidence with which the ALJ found Dr. Staley's decision was consistent (2F/8, AR 354-55; 13F/17-32, AR 1138-1153; 10F/29, AR 700), however, documented the swelling and bilateral erosive changes involving the proximal hands and wrists bilaterally noted by Dr. Staley, which was suggestive of RA, as well as severe pain and swelling in the hands and wrists. *Id*. In fact, the record cited by the ALJ stated that Plaintiff was prescribed oxycodone and prednisone given the pain. *Id.* at 700. Again, none of this medical evidence in any way supports the ALJ's decision to rely on Dr. Staley's determination that Plaintff should only avoid constant handling and fingering as consistent with the evidence. The fact that there were other "minimal and stable physical examination findings" after Dr. Staley's assessment (AR 26) does not allow the ALJ to downplay the significant findings in the record regarding Plaintiff's wrist and hands, as documented even by Dr. Staley.

Moreover, the Court finds that the ALJ selectively applied the evidence on that issue, which was error. *See Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (holding that an ALJ may not "'pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence'") (quotation omitted). The ALJ stated that "[w]hile Dr. Staley's assessment was made in May 2018, the claimant's subsequent medical records do not support increasing her functional limitations. Notably Dr. Nashikkar's records from 2018 to 2020 show minimal and stable physical examination findings." AR 26. However, records during that period show that Plaintiff continued to have significant swelling and pain in her hands, along with other symptoms such as stiffness, cramping, cold/numb sensation in the hands, numbness/tingling in the upper

extremities, some deformity in the right hand, and longstanding inflammatory arthritis in the hands.  *See, e.g.* AR 698, 700, 705, 707, 1166, 1170, 1263, 1265-67, 1326.  Plaintiff was in fact hospitalized in September 2018 after presenting to urgent care with bilateral wrist and elbow effusion.  *Id.* 750, 1187.[6]  Also, as Plaintiff notes, September 2018 x-rays revealed significant findings with respect to Plaintiff's hands and wrists.  For example, x-rays of the right hand revealed extensive changes involving the carpus (specifically the scaphoid, lunate, triquetrum), erosions involving the base of the first metacarpal, and severe erosions involving the distal radius and ulnar styloid.  AR 716, 719, 666-67.[7]

The fact that Dr. Nashikkar "noted the claimant was able to sit comfortably and was in no obvious acute distress[,]", that "physical examination findings noted no evidence of edema[,]" or that the swelling was better following prednisone treatments (*id.* 25), as noted by the ALJ (AR 25), does not provide a basis to discount the other significant findings in the record.  While the Court may not reweigh the evidence, it must be assured "that the ALJ gave the relevant material due consideration." *Andersen v. Astrue*, 319 F. App'x 712, 721 (10th Cir. 2009).  The Court finds that the ALJ did not give the probative evidence due

---

[6] A review of systems and examination at the hospital noted intermittent numbness and weakness into the fingers, arthralgias/swelling from the wrist to the elbows, bony tenderness to the right proximal metacarpals, decreased motion with tenderness and swelling in both wrists, and decreased strength in the hands.  *Id*. at 1188, 1189.

[7] The Commissioner argues that Plaintiff improved in response to prednisone treatments provided in late 2018 and once Plaintiff's hepatitis C treatments began.  Response [#26], citing AR 701-03, 707, 709, 711, 712).  While it is true that Dr. Nashikkar noted improvement in pain and swelling on prednisone in November 2018 (*id*), the Commissioner fails to note that Plaintiff reported increasing pain in the hands and shoulders in January and February 2019, resulting in a referral to rheumatology.  *Id.* 705-06.  Additionally, Plaintiff reported to Dr. Nashikkar that her pain had increased after completion of the hepatitis C treatment, and she had numbness and cold sensation in the hands and feet.  *Id*. 1263, 1265, 1324.  The ALJ also failed to reference these later findings.  The selective application of the evidence is demonstrated throughout the ALJ's decision.

consideration as it relates to the RFC finding that Plaintiff can frequently handle and /finger. *See also Arrington v. Apfel*, No. 98-7099, 1999 WL 446013, at *8-9 (10th Cir. July 1, 1999) (stating that "[w]e have repeatedly held that an ALJ may not engage in a selective evidentiary review") (citing cases). Similarly, the ALJ's analysis of Plaintiff's pain and the impact of it on her hands and fingers was deficient. *See Carpenter*, 537 F.3d at 1268 (finding that "[t]he ALJ's purported pain analysis was improper boilerplate" because "he did not link his conclusions to the evidence or explain how Mrs. Carpenter's repeated attempts to find relief from pain, and all the drugs she has been prescribed for pain, resulted in a conclusion that she is unlimited in any regard by pain or the side effects from her pain medication"); SSR 16-3p, 2017 WL 5180304, at *2-3 (Oct. 25, 2017) (instructing the "adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms[,]" and stating the factors to be considered).

The errors in connection with the ALJ's findings as to the persuasiveness of Dr. Staley's determination require a remand, particularly since that is the only medical opinion that the ALJ relied on in assessing Plaintiff's RFC. The ALJ rejected the opinions of Dr. Nashikkar as to Plaintiff's functional abilities (AR 25), including his finding that Plaintiff could not meaningfully handle or finger in a competitive work situation. *Id*. 669, 1565. The error in assessing Dr. Staley's determination is significant in that if Plaintiff's past work (which requires frequent handling or fingering)[8] is precluded, Plaintiff is deemed disabled at the light exertional level as of her fifty-fifth birthday per 20 C.F.R. Part 404, Subpart P, App'x

---

[8] *See* DOT 323.687-[014]; DOT 299.357-014. The Commissioner's argument that the ALJ's error is harmless as the job of housekeeper requires occasional fingering and no handling (Response [#26] at 7, n.4) does not appear to be supported.

2, §202.06.

Moreover, because the ALJ's reasons for finding Dr. Staley's opinion persuasive as to Plaintiff's ability to finger/handle are not supported by substantial evidence and the ALJ rejected Dr. Nashikkar's opinions regarding Plaintiff's functional abilities, the ALJ's findings as to RFC as not supported by substantial evidence. In addition to Dr. Staley, the ALJ relied only on the fact that Plaintiff could wash dishes, vacuum, dust, prepare simple meals, and do crossword puzzles in assessing her RFC. AR 26. The ALJ did not, however, explain how this translates into a finding that Plaintiff can frequently finger/handle in a work setting. One may well be able to do the activities noted by the ALJ but not be able to sustain full-time work that requires frequent fingering or handling. *See Talbot v. Heckler*, 814 F.2d 1456, 1462-63 (10th Cir. 1987) (stating that "limited activities in themselves do not establish that one can engage in light or sedentary work"); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (holding that an ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain). As the RFC is not supported by substantial evidence, this also requires a remand.

The other issue that should be addressed on remand is the fact that Dr. Nashikkar referred Plaintiff for a rheumatology evaluation after Dr. Staley's determination. AR 701. The rheumatology evaluation had not occurred at the time of the ALJ's decision due to the requirement that Plaintiff first had to get treatment for hepatitis C. *Id*. 1291-92. This referral to a rheumatologist occurred after Dr. Staley's determination, and was something that Dr. Staley could not have known about. Accordingly, it may have changed his findings. Given that there was no actual evaluation of Plaintiff's rheumatoid arthritis and its impacts

on Plaintiff by a specialist as well as the fact that the ALJ's reliance on the administrative findings of Dr. Staley was not supported by substantial evidence, the ALJ must consider on remand whether a consultative opinion by a rheumatologist is warranted.  While an ALJ has broad latitude in ordering consultative examinations, the Tenth Circuit has held that "where there is a direct conflict in the medical evidence requiring resolution . . . or where the medical evidence in the record is inconclusive, . . . a consultative examination is often required for proper resolution of a disability claim."  *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997).

## IV. Conclusion

In conclusion,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.[9]

IT IS FURTHER **ORDERED** that Plaintiff is **AWARDED** his costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1).  *See Knuutila v. Colvin*, 127 F. Supp. 3d 1146, 1153 (D. Colo. 2015).

IT IS FURTHER **ORDERED** that the Clerk of Court shall **enter** judgment in favor of Plaintiff and **close** this case.

---

[9] The Court finds that this case does not present a proper occasion on which to exercise its discretion and direct the award of benefits.  *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993).  By reversing the ALJ's decision, the Court does not find or imply that Plaintiff is or should be found disabled.  *See, e.g.*, *Knuutila v. Colvin*, 127 F. Supp. 3d 1146, 1152 n.5 (D. Colo. 2015).

Dated: March 28, 2022

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge