IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03441-KAS

T.A.P.,[1]

     Plaintiff

v.

COMMISSIONER, SOCIAL SECURITY ADMINSTRATION,

     Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

     This matter is before the Court on **Plaintiff's Notice of Motion for Attorney Fees Pursuant to the Equal Access to Justice Act** [#31] (the "Motion").[2] Defendant filed a Response [#33] (the "Response") in opposition to the Motion [#31], and Plaintiff filed a Reply [#34] (the "Reply"). The Court has reviewed the briefing, the exhibits, the entire case file, and applicable law. For the reasons set forth below, the Motion [#31] is **GRANTED in part and DENIED in part**.[3]

_____

[1] Pursuant to D.C.COLO.LAPR 5.2(b), "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only."

[2] Plaintiff's Motion [#31] is a short, two-page memorandum, but Plaintiff also filed an Attorney's Affirmation in Support of Motion for EAJA Fees [#32] (the "Declaration of Olinsky") along with five attached exhibits [#32-1 through #32-5], a Memorandum in Support of Motion [#32-6], and certificates of service [#32-7] and conferral [#32-8].

[3] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See Consent* [#14]; *Reassignments* [#28, #35].

## I. Background

This matter arises from Plaintiff's successful appeal of the Commissioner's finding that she was not disabled for the purposes of obtaining disability benefits and supplemental security income under Titles II and XVI of the Social Security Act. *See Order* [#29] at 1, 3, 12. The Court remanded the case for further consideration because (1) "the ALJ's reliance on Dr. Staley's opinion to support the RFC is not supported by substantial evidence"; (2) the ALJ "selectively applied the evidence" when assessing the consistency of Dr. Staley's opinion; (3) the ALJ "did not give probative evidence due consideration as it relates to the RFC finding that Plaintiff can frequently handle and finger"; and (4) "the ALJ's findings as to RFC a[re] not supported by substantial evidence." *Id.* at 6, 8-11.

In part, the Court found "the ALJ's finding that Dr. Staley's opinion was persuasive because it was supported by his 'analysis of the evidence'" was "not a legitimate reason to conclude that the supportability factor is satisfied." *Id.* at 7 (internal citations omitted). Regarding the ALJ's consistency analysis of Dr. Staley's opinion, the Court found that the evidence relied upon by the ALJ "documented the swelling and bilateral erosive changes involving the proximal hands and wrists bilaterally noted by Dr. Staley, which was suggestive of [rheumatoid arthritis], as well as severe pain and swelling in the hands and wrists." *Id.* at 8 (citations omitted). The Court concluded that "none of this medical evidence in any way supports the ALJ's decision to rely on Dr. Staley's determination that Plaintiff should only avoid constant handling and fingering as consistent with the evidence." *Id.* The Court described the ALJ's analysis as "downplay[ing] the significant findings in the record" and noted that the ALJ "selectively applied the evidence." *Id.* The Court concluded that a remand was warranted "in connection with the ALJ's findings as

to the persuasiveness of Dr. Staley's determination. . . particularly since that is the only medical opinion that the ALJ relied on in assessing Plaintiff's RFC." *Id.* at 10. Additionally, the Court found that "[t]he error in assessing Dr. Staley's determination is significant in that if Plaintiff's past work (which requires frequent handling or fingering) is precluded, Plaintiff is deemed disabled[.]" *Id.* The ALJ had also failed to explain her reliance on Plaintiff's testimony that she could perform chores around the house and did crossword puzzles. *Id.* The Court noted that "[o]ne may well be able to do the activities noted by the ALJ but not be able to sustain full-time work that requires frequent fingering and handling." *Id.* at 11. Finally, the Court found that "the ALJ must consider on remand whether a consultative opinion by a rheumatologist is warranted." *Id.* at 12.

Plaintiff now moves for attorney's fees under the Equal Access to Justice Act. *Motion* [#31] at 1. Plaintiff seeks $8,730.09 in fees for 42.2 hours of work performed. *Reply* [#34] at 7.[4]

## II. Legal Standard

### A.    The Equal Access to Justice Act

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, "allows a prevailing party to recover litigation costs against the United States 'unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust." *Culler v. Massanari*, 9 F. App'x 839, 841 (10th Cir. 2001) (quoting 28 U.S.C. § 2412(d)(1)(A)). "Fees under the EAJA are available if (1) a fee application is submitted to the court within thirty days of the final judgement; (2) the claimant was the

---

[4] Plaintiff initially sought $7,719.10 but "requests an addition[al] 4.4 hours at a rate of $229.77 per hour, for a total of $1,010.99" for time spent drafting the Reply [#34]. *See Motion* [#31] at 1; *Reply* [#34] at 7.

'prevailing party'; (3) the government's position was not 'substantially justified'; and (4) no 'special circumstances make an award unjust.'" *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (quoting 28 U.S.C. § 2412(d)(1)(A) & (B)).

The government has the burden of proving that it was substantially justified in its position. *Weakley v. Bowen*, 803 F.2d 575, 577 (10th Cir. 1986) (citing *Wyo. Wildlife Fed'n v. United States*, 792 F.2d 981, 985 (10th Cir. 1986)). Under the EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action. . .  by the agency upon which the civil action is based[.]" 28 U.S.C. § 2412(d)(2)(D). The Tenth Circuit has clarified that, while the Court should consider both the underlying government action (i.e., the ALJ determination) and the government's litigation position (i.e., the Commissioner's argument on appeal), "EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) (internal quotation marks and citation omitted).

"The standard under which substantial justification is scrutinized. . . is that of 'reasonableness in both law and fact.'" *Weakly v. Bowen*, 803 F.2d 575, 577 (10th Cir. 1986) (quoting *Wyo. Wildlife Fed'n*, 792 F.2d at 985). For a position to be substantially justified, it must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). When determining whether the government's litigating position was substantially justified, for example, the district court considers whether the government's "litigating position was *reasonable* even if *wrong*." *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011) (citing *Gaston v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988)) (emphasis in original). For the ALJ's determination to be substantially

justified, it must "have a 'reasonable basis both in law and fact.'" *See Chester v. Apfel*, 1 F. App'x 792, 794, 795 (10th Cir. 2001) (finding the district court had abused its discretion in denying EAJA fees when "the record reveal[ed] no reasonable basis for . . . the ALJ's obvious legal error").

## B.    Reasonableness of Attorney Fees

Assessment of attorney's fees is discretionary, "ever more so given the district court's understanding of the litigation and the 'desirability of avoiding frequent appellate review of what are essentially factual matters.'" *Rocky Mountain Wild v. Vilsack*, No. 09-cv-01272-WJM, 2013 WL 3233573, at *5 (D. Colo. June 26, 2013) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Because of this, the district court "need not identify and justify every hour allowed or disallowed." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). Generally, "hours are compensable under [the] EAJA so long as they are 'reasonably expended' and necessary or useful for prosecution of the case." *Rocky Mountain Wild*, 2013 WL 3233573, at *7 (citations omitted). However, "[p]urely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees." *Bess v. Kijakazi*, No. 22-cv-00864-REB, 2023 WL 2422205, at *4 (D. Colo. Mar. 6, 2023) (quoting *Villalobos v. Colvin*, No. CV-15-00463-CG, 2016 WL 10179289, at *2 (D.N.M. July 12, 2016)). "[F]actors such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side" impact a court's determination of the reasonableness of time expended on a specific task or on the entire litigation. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds*, *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

## III. Analysis

### A.    Substantial Justification

Defendant does not contest that Plaintiff was the prevailing party in this litigation or argue that Plaintiff's fee request was untimely.[5] Defendant thus bears the burden of showing that both the ALJ's decision and its litigation position were substantially justified. *Weakley*, 803 F.2d at 577.

### 1.    Defendant's Cited Cases

Defendant argues that both the ALJ's decision and its litigation position were substantially justified because "there was a reasonable basis in both law and fact for the Commissioner's position, both at the agency level and before this court." *Response* [#33] at 3. He further argues that while remand was reasonable, it "does not automatically mean [the government's] position was unreasonable." *Id.* at 1. Defendant asserts that it was reasonable to argue, in litigation, that "under such a deferential standard as the substantial-evidence standard, there appeared to be substantial evidence for the ALJ's findings." *Id.* Finally, Defendant points to the fact that the Court remanded the case for further consideration, rather than outright granting Plaintiff's request for an award of benefits. *Id.* at 7 (citing *Ortibez ex rel. B.J.P.B. v. Colvin*, No. 16-cv-00732-MJW, 2018 WL 11471012, at *1 (D. Colo. June 20, 2018) (discussing prior order denying EAJA fees

---

[5] Plaintiff did not file the Motion [#31] until 83 days after judgment was entered in her favor. *See Judgment* [#30] (dated March 30, 2022); *Motion* [#31] (dated June 21, 2022). However, "[t]he EAJA's thirty-day filing rule is not jurisdictional"; rather, it is a claim processing rule. *Gallaway v. Astrue*, 297 F. App'x 807, 809 n.1 (10th Cir. 2008) (citing *Scarborough v. Principi*, 541 U.S. 401, 414 (2004)); *see also United States v. High Plains Livestock, LLC*, No. 15-CV-680 MCA/JHR, 2018 WL 2134029, at *2 (D.N.M. May 9, 2018) (discussing *Scarborough*'s interpretation of EAJA's thirty-day filing rule). Because Defendant has not raised timeliness, it is waived. *See*, *e.g.*, *Vasquz v. Barnhart*, 459 F. Supp. 2d 835, 836 (N.D. Iowa 2006) (finding that EAJA's 30-day filing requirement can be and was waived by the Government because "it is the Government whose interests are protected by the section's requirements.").

because the court had "not take[n] a position with regard to the ultimate outcome of the ALJ's reconsideration of Plaintiff's application for benefits")).

Defendant is correct that courts have declined to award EAJA fees in some cases where they remanded to the ALJ for further clarification, additional findings, or to consider specific evidence. *See, e.g.*, *Hays v. Berryhill*, 694 F. App'x 634, 636, 638 (10th Cir. 2017) (affirming denial of fees where remand had been "for 'clarification' regarding the weight given to [a treating doctor's] opinion with respect to standing and walking"); *Martinez v. Berryhill*, No. 17-cv-02150-NRN, 2019 WL 13248691, at *3-4 (D. Colo. June 26, 2019) (denying EAJA fees where "the ALJ failed to make any specific factual findings in relation" to two of the plaintiff's limitations); *Lara v. Berryhill*, No. 17-cv-00716-LTB, 2018 WL 11467851, at *2 (D. Colo. May 8, 2018) (denying EAJA fees where the court remanded to the ALJ to consider abnormal spine x-rays which "may not be sufficient to overcome the other evidence relied on by the ALJ").

The Court reads these cases (which Defendant cited) as supporting a denial of EAJA fees when the ALJ's error was narrow or technical, reflecting a lack of clarity or explanation although not plainly outcome-determinative. In *Hays*, for example, the treating provider's stated opinion regarding the combined number of hours the claimant could stand and walk was ambiguous and needed clarification. *Hays*, 694 F. App'x at 635-36. In *Martinez*, the court opined that "it [was] possible, and would be reasonable, that the ALJ considered the alleged limitations but deemed [the claimant's] testimony regarding those limitations unreliable or without sufficient evidentiary support to consider them in making the RFC finding." *Martinez*, 2019 WL 13248691, at *3.  Thus, the *Martinez* court concluded that "the Commissioner's position had a reasonable basis both in law and fact,"

even though remand was necessary for clarification of the ALJ's position. *Id*. In *Lara*, the ALJ had cited "several . . . imagining results and physical examination findings that she found did not support" more restrictive physical limitations, and the court noted that abnormal x-rays the ALJ did not discuss were "but one component of Plaintiff's longitudinal medical records." *Lara*, 2018 WL 11467851, at *2. Finally, in *Ortibez* the court remanded for clarification on the assumption that the ALJ considered the evidence but failed to discuss one specific questionnaire. *Ortibez*, 2018 WL 11471012, at *1.

### 2. The Remand Order

Here, the Court found that the ALJ's errors were beyond technical—they were significant. Defendant argues that Dr. Staley's explanation of physical limitations, though lacking, "cited extensive evidence" and thus, the ALJ's position was at least reasonable. *Motion* [#33] at 5. This is correct, to a point: Dr. Staley's opinion cited some evidence. *See Response* [#33] at 5; *Order* [#29] at 7. However, the Court found the ALJ's supportability analysis insufficient—the ALJ did not offer a specific or legitimate reason to conclude that Dr. Staley's opinion was well-supported, especially given the other medical findings Dr. Staley himself had noted. *See Order* [#29] at 7 (noting the circular finding that Dr. Staley's determination was "generally supported by [his own] analysis of the evidence"); *see also Reply* [#34] at 3 (arguing that "the issue is not whether Dr. Staley cited evidence. The issue is that the regulations require the ALJ to consider the explanation provided, and the only explanation Dr. Staley provided was that Plaintiff had full range of motion, which ignores all other pertinent findings in the medical record relative to Plaintiff's hands.") (citing *Order* [#29] at 7).

Defendant further argues that aside from Plaintiff's referral to a rheumatologist, "there was otherwise no evidence suggesting Dr. Staley's findings were stale." *Response*

[#33] at 6. This is inaccurate. The Court did not rely *only* on the rheumatology referral to find that Dr. Staley's opinions were stale—in fact, there was significant medical evidence showing that Plaintiff's symptoms and pain in her hands and feet had worsened after Dr. Staley's administrative findings, suggesting that fingering and handling limitations needed further consideration. *See Order* [#29] at 8, 9 n.7.

The Court also found that the ALJ "selectively applied" the evidence to support the ALJ's conclusions, failed to "give due consideration" to a significant amount of probative evidence, and reached conclusions unsupported by substantial evidence. *Id.* at 8-11; *see Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("[Substantial evidence] requires more than a scintilla, but less than a preponderance.") (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). A reasonable person, looking at the record, could not conclude that the ALJ's position was supported by substantial evidence because the ALJ relied only on Dr. Staley's medical opinion, which failed to address other medical evidence of record and Plaintiff's testimony that she could perform everyday tasks. *Id.* at 11. Accordingly, the Court does not find that the ALJ's position was reasonable.

The ALJ's failure to consider probative evidence, selective application of evidence, and reliance on Plaintiff's testimony that she can perform some daily activities as substantial evidence that she was not limited in fingering and handling, each failed to meet regulatory and legal requirements. *Order* [#29] at 8-9, 11. The ALJ was required to "consider all of the evidence in [Plaintiff's] record" when evaluating the "intensity and persistence" of symptoms. Soc. Sec. Ruling 16-3p, 2017 WL 5180304, at *2-3 (Oct. 25, 2017). An ALJ may not "pick and choose among medical reports, using portions of evidence favorable to [her] position while ignoring other evidence." *Carpenter v. Astrue*,

537 F.3d 1264, 1265 (10th Cir. 2008). Additionally, "[t]he ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain." *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (citing *Frey v. Bowen*, 816 F.2d 508, 516 (10th Cir. 1987)).

Because the ALJ failed to satisfy regulatory requirements and did not comply with judicial precedent, the Court finds that the ALJ's position was not reasonable in law. Accordingly, the government's position below was not substantially justified.[6] *See Quintero v. Colvin*, 642 F. App'x 793, 796 (10th Cir. 2016) ("A position taken by the ALJ or government that 'contravene[s] longstanding agency regulations, as well as judicial precedent,' is not substantially justified.") (quoting *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009) (modification in original)); *Chester*, 1 F. App'x at 793 ("The 'position' that must be substantially justified includes not only the Commissioner's position in the civil litigation, but also the agency's action or failure to act.") (citing 28 U.S.C. § 2412(d)(2)(D); *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988)).

**B.    Reasonableness of Costs Requested**

Alternately, Defendant asserts that if Plaintiff is awarded attorney's fees, they should be reduced. *Response* [#33] at 7. Plaintiff submitted a ledger of hours billed to this case, though Defendant argues that some of the time billed by Plaintiff amounts to clerical work and is therefore not compensable under the EAJA. *See Ledger* [#32-3]; *Response* [#33] at 8. Defendant also argues that Plaintiff's request for 0.9 hours of "simple receipt of documents that required no substantive action" is improper. *Response* [#33] at 9.

---

[6] The Court thus need not decide whether Defendant's argument "that under such a deferential standard as the substantial-evidence standard, there appeared to be substantial evidence for the ALJ's findings," was substantially justified. *Response* [#33] at 2. Even if it was, EAJA fees are warranted.

Finally, Defendant argues that, beyond the original attorney fees motion, Plaintiff should not receive fees for time spent litigating the EAJA fee request. *Id.* at 11 ("Plaintiff's counsel should not be awarded additional fees for their reply brief or any billing after their original Motion.").

### 1.    Hourly Rate

Plaintiff asserts that the correct attorney hourly rates under the EAJA are $219.83 for 2020 and $229.77 for 2021, respectively. *See Pl's Ex. B* [#32-2] at 2-3. She also seeks $100 per hour for paralegal time in both years. *See Decl. of Olinsky* [#32], ¶ 9. "To determine a reasonable fee request, the Court must first calculate the 'lodestar amount.'" *Marin v. Colvin*, No. 14-cv-01331-KMT, 2015 WL 7755961, at *4 (D. Colo. Dec. 1, 2015) (quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)). "The party seeking the award has the burden of persuading the court that the rate sought is reasonable." *Knight v. Astrue*, No. 08-cv-02498-CMA, 2011 WL 4382541, at *4 (D. Colo. Sept. 19, 2011) (quoting *LaSelle v. Pub. Serv. Co. of Colo. Severance Pay* Plan, 988 F. Supp. 1348, 1351 (D. Colo. 1997) & citing *Malloy*, 73 F.3d at 1018).

Plaintiff has provided her loadstar calculations. *See CPI Table* [#32-2] at 2-3 (containing consumer price index/inflation adjustments to the EAJA's statutory fee set in March 1996). Similar hourly rates have been upheld as reasonable in previous cases. *See, e.g.*, *Ernest W. v. O'Malley*, No. 2:23-cv-00247-JCB, 2024 WL 1912461, at *2 (D. Utah Apr. 30, 2024) (accepting $100 per hour for paralegal time as reasonable); *Charles E. v. Kijakazi*, No. 2:21-cv-00728-JCB, 2023 WL 2080011, at *6 (D. Utah Feb. 17, 2023) (applying attorney hourly rate ranging from approximately $230 to $245 over two year period and paralegal rate of $100); *Cross v. Comm'r, Soc. Sec. Admin.*, No. 20-cv-01039-

STV, 2022 WL 2829909, at *3 (D. Colo. July 19, 2022) (applying attorney hourly rate of approximately $220 and paralegal hourly rate of $100); *Hardister v. Kijakazi*, No. 1:21-CV-50 DBP, 2022 WL 2304284, at *3 (D. Utah June 27, 2022) (applying attorney hourly rate of approximately $230 and $100 hourly paralegal rate).

Additionally, Defendant does not contest that the hourly rates are unreasonable. *See generally Response* [#33]. Accordingly, the Court finds that the hourly attorney rates of $219.83 for 2020 and $229.77 for 2021, and the hourly rate of $100.00 for paralegals, are reasonable.[7]

### 2. Clerical Work

Defendant argues that Plaintiff is seeking fees for purely clerical tasks. *Response* [#33] at 8. Specifically, Defendant takes issue with the following billing entries: 10/7/2020, 0.6 hours for "[f]iles received, reviewed and processed from referral source for attorney review"; 11/16/2020, 0.6 hours for "FDC contract and other rep documents prepared for Client completion"; 11/19/2020, 0.3 hours for "FDC contract and other rep docs returned via Right Signature, reviewing for completion"; 11/20/2020 for drafting "civil cover sheet";[8] 4/28/2021, 1.6 hours to "Combine, Strip PDF/A, OCR & Live Bookmark Federal Court Transcript (1568 pages)"; and 3/30/2022, 0.3 hours for "Federal Court Remand Referral Back to Referral Source." *Id.* at 8-9; *Ledger* [#32-3] at 2-4.

---

[7] Plaintiff also seeks recovery of some fees for attorney hours billed in 2022, including drafting the Reply [#4], but she did not provide a lodestar hourly rate for 2022 and appears to have considered those entries under the 2021 lodestar rate. *See Attorney Time* [#32-4] at 3-4 (claiming 28.6 attorney hours billed between 2021 and 2022; *cf. Decl. of Olinsky* [#32], ¶ 9 (claiming 28.6 attorney hours under 2021 rate). The Court thus applies the 2021 rate to those hours.

[8] Because Plaintiff billed for the creation of the civil cover sheet and the complaint together, the Court cannot determine the exact amount of time spent creating the civil cover sheet. *Ledger* [#32-2] at 2.

The Court agrees that the following four disputed billing entries are clerical:

- November 16, 2020 – 0.6 hours for "FDC contract and other rep documents prepared for Client completion";

- November 19, 2020 – 0.3 hours for "FDC Contract and other rep docs returned via Right Signature, reviewed for completion"; [9]

- November 20, 2020 – 0.5 hours for "Draft Complaint and Civil Cover Sheet", for which the Court will deduct 0.1 hour for drafting the cover sheet;[10]

- April 28, 2021 – 1.6 hours for "Combine, Strip PDF/A, OCR & Live Bookmark Federal Court Transcript (1568 pages)";[11]

See Ledger [#32-3] at 2, 3. The deductible clerical billing entries thus total 2.6 hours. By contrast, the Court finds the following disputed entries are non-clerical in nature:

- October 7, 2020 – 0.6 hours for "Files received, reviewed and processed from referral source for attorney review";[12]

---

[9] See *Ramirez v. Kijakazi*, No. 21-0458 KRS, 2023 WL 2167294, at *3-4 (D.N.M. Feb. 22, 2023) (holding that 0.9 hours spent preparing the FDC contract and reviewing for completion was clerical in nature).

[10] *See Lann v. Colvin*, No. CIV-14-827-R, 2015 WL 8262223, at *1 (W.D. Okla. Nov. 10, 2015) (holding that preparing a summons and coversheet is clerical work and recommending exclusion of time spent preparing summons and cover sheet); *San Luis Valley Ecosystem Couns. v. U.S. Forest Serv.*, No. 04-cv-01071-MSK, 2009 WL 792257, at *7 (D. Colo. Mar. 23, 2009) ("Where block billing prevents the Court from identifying the reasonable time spent on a compensable task, the Court may elect to instead engage in a general, proportionate reduction of total hours claimed to ensure that noncompensable time is excluded.") (citing *Okla. Nat. Gas Co. v. Apache Corp.*, 355 F. Supp. 2d 1246, 1263-65 (N.D. Okla. 2004)).

[11] *See Ramirez*, 2023 WL 2167294, at *3 (stating that processing the administrative record is a clerical task).

[12] Plaintiff argues that this task involves review to ensure "the client has exhausted all administrative remedies." *Reply* [#34] at 4 The Court finds that such tasks require a legally trained mind to carry out. S*ee Skyline Trucking, Inc. v. Truck Ctr. Cos.*, No. 22-4052-DDC-TJJ, 2024 WL 1282457, at *10 (D. Kan. Mar. 26, 2024) ("But 'matters [that] require a legally trained mind' don't

- March 30, 2022 – 0.3 hours for "Federal Court Remand Referral Back to Referral Source";[13]

*See Ledger* [#32-3] at 2, 4. In sum, the Court deducts 2.6 hours from Plaintiff's claimed total, leaving 39.6 billable hours.

### 3.    Excessive Billing Entries

Defendant argues that various billing entries totaling 0.9 hours for "simple receipt of documents that required no substantive action" should be reduced. *Response* [#33] at 9. Defendant cites an Eastern District of California case which found that reviewing court notices was a simple task that should take a few seconds to accomplish and should therefore not be compensated under an hourly attorney rate. *Id.* at 9-10 (citing *Peng See v. Colvin*, No. 1:09-cv-1751 GSA, 2014 WL 2442578, at *7 (E.D. Cal. May 30, 2014)). However, *Peng See* is an out-of-circuit, unpublished district court case, and the Court does not find it persuasive on this point.

In this Circuit, courts have affirmed attorney fee awards that include 0.1 hour entries for "review of various orders, emails, and letters" even if those documents are just a single page. *See Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1106 (10th Cir. 2010) ("We fail to see an abuse of discretion in allowing an allotment of six minutes to the review of even single-page documents."); *see also Rodriguez v.*

---

qualify as clerical.") (quoting *Fox v. Pittsburg State Univ.*, 258 F.Supp.3d 1243, 1256 (D. Kan. 2017)).

[13] Plaintiff explains that this billing entry reflects a conversation between Plaintiff's attorney and Plaintiff's hearing representative to discuss the Order [#29] and to prepare Plaintiff's representative for further remand proceedings. *See Reply* [#34] at 5. The Court finds that such work is non-clerical because it requires legal training to analyze a court remand order and prepare for remand proceedings. S*ee Skyline Trucking*, 2024 WL 1282457, at *10.

*Midland Credit Mgmt., Inc.*, No. 14-cv-01289-LTB-BNB, 2015 WL 1186678, at *2 (D. Colo. Mar. 12, 2015) ("Counsel have a responsibility to be apprised of docket entries, even 'routine' ones, and billing six minutes for reviewing each document is not excessive.") (citing *Anchondo*, 616 F.3d at 1106). The Court agrees with this approach and declines to reduce Plaintiff's attorney fees for "simple receipt of documents that required no substantive action." *Response* [#33] at 9.

### 4.    Reasonableness of Hours

Defendant asks the Court to reduce the total award by twenty-five percent because "the size and complexity of this case does not warrant" approximately 40 hours of attorney time. *See Response* [#33] at 10. Defendant states that "the District Court for the District of Utah recently reduced the Olinsky firm's similar EAJA request of $8,556.23 by 25 percent stating, 'based on the proceedings in this case, the court agrees with the Commissioner that the 'preparation time on the briefing [and other tasks] is considered a bit bloated.'" *Id.* (citing *Hardister v. Kijakazi*, No. 1:21-CV-50 DBP, 2022 WL 2304284, at *3 (D. Utah June 27, 2022)). Defendant argues that Plaintiff's case "included rather routine arguments, especially considering the size and experience of the Olinsky firm" and argues that these factors "should place it in the lower end of that range." *Response* [#33] at 10.

However, *Hardister* is readily distinguishable. There, the Commissioner voluntarily remanded the case after the plaintiff filed an opening brief. *See Hardister*, 2022 WL 2304284, at *2. The court found that a request for 33.8 attorney hours was unreasonable given the fact that the plaintiff only prepared and submitted one brief. *Id.* at *2-3. Even so, the court still awarded the plaintiff 25.35 hours of attorney time. *Id.* at *3. Here, Plaintiff is asking for 39.6 hours for the filing of four briefs and three motions. *See First Motion for*

*Extension of Time* [#19]; *Second Motion for Extension of Time* [#21]; *Pl. Opening Brief* [#23]; *Pl. Reply Brief* [#27]; *Motion* [#31]; *Decl. of Olinsky* [#32]; *Reply* [#34]. Plaintiff also had to review and address two of Defendant's briefs. *See Response Brief* [#26]; *Response* [#33]. Thus, *Hardister* is not analogous.

Another court in this district has suggested that the average time required to prosecute a social security appeal through judgment is 20 to 40 hours. *See Manzanares v. Colvin*, No. 15-cv-02794-REB, 2016 WL 6664622, at *3 (D. Colo. Nov. 10, 2016) (collecting cases). Thus, a request for 42.2 hours (before the Court's reduction) is not extraordinary in cases like these. In fact, courts have consistently awarded fees for hours well above the average. *See, e.g.*, *D.M.S. v. O'Malley*, No. 21-cv-0744-WJM, 2024 WL 2318751, at *2 (D. Colo. May 22, 2024) (awarding 51 hours of attorney time); *Stumbaugh v. Astrue*, No. 09-cv-02435-CMA, 2011 WL 1344416, at *2-3 (D. Colo. Apr. 7, 2011) (holding that 73 hours was not unreasonable); *Meyers-Schreiner v. Astrue*, No. 08-cv-00573-WYD, 2009 WL 1464404, at *1 (D. Colo. May 26, 2009) (holding that 47.75 hours of attorney time was not unreasonable).  Given that the case record consists of over 1500 pages, and that Plaintiff's arguments were successful, the Court does not find that 39.6 hours is unreasonable. Thus, the Court does not find that a reduction of the total award by twenty-five percent is warranted.

### 5.    Fees for Reply [#34]

Finally, Defendant argues that Plaintiff should not receive fees for the Reply [#34] brief requesting an EAJA fee award because "Plaintiff has included clerical and excessive time in the request and knew or should have known that such was not compensable under the EAJA." *Response* [#33] at 11. Defendant argues that "Plaintiff's own actions

necessitated the need for the objection and thus for their own reply, and such fees should not be paid." *Id.* Defendant again invokes *Hardister*. *Id.* at 12 (citing *Hardister*, 2022 WL 2304284, at *3) (noting Tenth Circuit admonition that "litigation over attorney fees is singularly unproductive" and the Supreme Court's advisement that an attorney's fees request "should not result in a second major litigation") (internal citations omitted). *Hardister* is not alone—the Court has found other cases disallowing or reducing EAJA fees on reply briefs, especially where the Commissioner's opposition did not necessitate further litigation. *See, e.g.*, *Ortega v. Kijakazi*, No. 2:22-cv-00322-KRS, 2023 WL 4034184, at *3-4 (D.N.M. June 15, 2023); *Charles E. v. Kijakazi*, No. 2:21-cv-00728-JCB, 2023 WL 2080011, at *5-6 (D. Utah Feb. 17, 2023); *Gallaway v. Astrue*, 297 F. App'x 807, 810 (10th Cir. 2008) (finding time spent on "reply briefs . . . directed solely to the interests of their counsel in obtaining direct payment of the EAJA awards" was non-compensable).

However, other courts have allowed attorney fees for EAJA reply briefs, especially where "the reasonableness of the hours was not the sole basis for the Commissioner's objections [and] the Commissioner also argued that his litigation position was substantially justified." *Ramirez v. Kijakazi*, No. 21-0458 KRS, 2023 WL 2167294, at *4 (D.N.M. Feb. 22, 2023); *see also Marin v. Colvin*, No. 14-cv-01331-KMT, 2015 WL 7755961, at *4 (D. Colo. Dec. 1, 2015) (allowing fees for attorney fee reply brief).

While the Court recognizes *Hardister*'s warning about unproductive fee litigation, this case falls into the latter category. Defendant did not limit his Response [#33] to challenging the reasonableness of the fees—he argued that they should not be awarded *at all*. Plaintiff's Reply [#34], therefore, did not solely address billable entries, but also addressed Defendant's argument that the government was substantially justified in its

position. *Reply* [#34] at 1-3, 7-6. In its discretion, the Court finds that Plaintiff's Reply [#34], which addressed a multitude of issues, is compensable. *Cf. Ramirez*, 2023 WL 2167294, at *4.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#31] is **GRANTED IN PART and DENIED IN PART**. Plaintiff is awarded $8,458.10[14] in attorney fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

IT IS FURTHER **ORDERED** that if, after receiving this Order, the Commissioner (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's attorney. *Arellano v. Kijakazi*, No. CV 23-650 SCY, 2023 WL 8258509, at *1 (D.N.M. Nov. 29, 2023) (imposing the same conditions). However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney. *Id.*

Dated: September 16, 2024                    BY THE COURT:

Kathryn A. Starnella

---

[14] From Plaintiff's chart found in the Declaration of Olinsky [#32], ¶ 9, and as discussed above, the Court deducted 0.1 hours of attorney time in 2020, 0.9 hours of paralegal time in 2020, and 1.6 hours of paralegal time from 2021 for clerical work. For time spent drafting the Reply [#34], the Court added 4.4 hours of attorney time at the 2021 lodestar rate. *See Reply Ledger* [#34-1]. This results in attorney fees totaling $8,458.10.

United States Magistrate Judge